United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Peter F. Kitsch  
Peter F. Kitsch  
    Debtors

Case No. 16-15147-jkf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 1     Date Rcvd: May 17, 2019  
                    Form ID: 3180W     Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2019.
```
db          +Peter F. Kitsch,    MAILING ADDRESS,    PO Box 82,    Lampeter, PA 17537-0082
db          +Peter F. Kitsch,    6 Blueberry Circle,    Lancaster, PA 17602-1633
13878099    +Alaine V. Grbach,    675 Estelle Drive,    Lancaster  PA 17601-2129
13824440    +Alaine V. Grbach,    675 Estelle Drove,    Lancaster  PA 17601-2129
13787725    +Suburban Lancaster Sewer Authority,    c/o Frank P. Mincarelli, Esquire,    BLAKINGER THOMAS, PC,
              28 Penn Square,    Lancaster, PA 17603-4297
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: megan.harper@phila.gov May 18 2019 02:29:18     City of Philadelphia,
              City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 18 2019 02:28:43
              Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 18 2019 02:29:07     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13776756     EDI: GMACFS.COM May 18 2019 06:23:00      Ally Financial,    PO Box 130424,
              Roseville MN 55113-0004
13916543    +E-mail/Text: blegal@phfa.org May 18 2019 02:28:55     PENNSYLVANIA HOUSING FINANCE AGENCY,
              211 North Front Street,    Harrisburg, PA 17101-1406
13821810     EDI: PRA.COM May 18 2019 06:23:00      Portfolio Recovery Associates, LLC,    POB 41067,
              Norfolk VA 23541
                                                                                              TOTAL: 6
```

         \*\*\*\*\* BYPASSED RECIPIENTS \*\*\*\*\*  
NONE.                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2019                                                         Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 16, 2019 at the address(es) listed below:
```
          ALAINE V. GRBACH    on behalf of Debtor Peter F. Kitsch avgrbach@aol.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
           PENNSYLVANIA HOUSING FINANCE AGENCY) bnicholas@kmllawgroup.com,    bkgroup@kmllawgroup.com
          FRANK P. MINCARELLI    on behalf of Creditor    Suburban Lancaster Sewer Authority
           fpm@blakingerthomas.com,    pds@blakingerthomas.com;slk@blakingerthomas.com
          LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association as Trustee for The
           Pennsylvania Housing Finance Agency lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com,
           ecf_frpa@trustee13.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,    ecf_frpa@trustee13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 7
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Peter F. Kitsch** | Social Security number or ITIN   xxx–xx–5893 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Peter F. Kitsch** | Social Security number or ITIN   xxx–xx–5893 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **16–15147–jkf** | |

# Order of Discharge                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Peter F. Kitsch                                                Peter F. Kitsch

<u>5/16/19</u>                                                        **By the court:**        <u>Jean K. FitzSimon</u>
                                                                                                       United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**